**George HAMILTON et al.,
Plaintiffs,**

v.

**Monroe LOVE, Sheriff of Pulaski
County, et al., Defendants.**

**No. LR–70–C–201.**

United States District Court,
E. D. Arkansas, W. D.

July 11, 1973.

Philip E. Kaplan, Walker, Kaplan & Mays, Linda Scholle, Legal Aid Bureau of Pulaski County, Little Rock, Ark., for plaintiffs.

Lee Munson, Pros. Atty., Jimmy Patton, Dep. Pros. Atty., Little Rock, Ark., for defendants.

## MEMORANDUM

EISELE, District Judge.

On April 25, 1973, 358 F.Supp. 338, this Court issued a memorandum opinion, pursuant to which it decreed that unless the Pulaski County Jail facility and its operation met certain stated requirements by June 25, 1973, defendants would be required to cease and terminate their operation of that facility. The Court, on that date, also adjudged the three defendants to be in contempt of previous orders issued by it. Fines were imposed, but were suspended on the condition that defendants either bring the facility into compliance with the Court's orders or cease its operation by the stated time. Additional attorney's fees were also assessed.

Since that date defendants filed a motion to stay payment of attorney's fees and costs and plaintiffs moved to increase the award of attorney's fees. By memorandum and order of June 5, 1973, the Court reserved judgment on plaintiffs' motion to increase the attorney's fees and stayed the award of attorney's fees already assessed. It decreed, however, that after June 25, 1973, interest on the unpaid sum would accrue at the rate of ten per cent per annum.

On June 20, 1973, defendants filed with the Clerk of this Court a formal report of compliance with the Court's order of April 25, 1973. By letter of June 28, 1973, plaintiffs responded to defendants' report. The letter stated that attorneys for plaintiffs visited and inspected the facility. The report of the inspection indicates, and the Court so finds, that the facility now meets constitutional standards; therefore, the contempt citations and fines imposed pursuant thereto will be quashed and revoked. The Court commends the defendants for their successful efforts in completing the difficult

work needed to bring the jail and its operation into compliance with the Court's prior orders.

Remaining to be decided by the Court is plaintiffs' motion to increase attorney's fees. Counsel for plaintiffs has submitted to the Court an itemized statement of the time and tasks performed by him in his prosecution of the case. The request based on this statement totals $3,810.00 (the sum includes a requested fee of $500.00 attributable to counsel's on-site evaluation of defendants' statement of compliance, which was filed *after* plaintiffs' motion to increase attorney's fees). The Court believes the sum to be reasonable, especially when considered in the light of the unique demands of a case of this type. These considerations, however, must be weighed against the public's and the County's interest in the conservation of financial resources. Throughout the early stages of this proceeding, defendants argued that an obstacle to significant improvement of the jail facility was the paucity of fiscal resources. The Court rejected the argument since insufficient financial resources is no excuse for the abridgement of constitutional rights. Nevertheless, the argument does temper the Court's thinking on the issue of attorney's fees. Testimony at recent hearings indicates that the County's financial situation has improved; yet, the Court is still troubled by the prospect of paying a full and reasonable attorney fee for litigants from public revenues in a case which, in many ways, has raised complicated and novel issues in a still very unsettled but rapidly developing field of law.

Counsel has received an award of $1,500.00 by the decree of April 25, 1973. Computation based on the itemized statements prepared by counsel indicates his request for additional fees is $2,310.00. The Court will award an additional fee in the amount of $750.00. If that sum is not paid on or before August 8, 1973, interest shall accrue thereafter at the rate of ten per cent per annum. Although the Court has determined to refuse plaintiffs' request for an award of a full and reasonable fee, it does believe counsel for plaintiffs should receive the fee award already made promptly. In support of their motion to stay payment of the award, defendants stated that the sum would ordinarily be paid from the County's contingency fund and that that fund is presently unavailable to defendants because of litigation in state court. Defendants state further that only the County Quorum Court is authorized to make special appropriations and that it will not meet in regular session until November 19, 1973. The Court will stay payment of the new award made herein and continue the prior stay until November 23, 1973, on condition that defendants report the status of the litigation concerning the contingency fund on or before September 1, 1973, and also on or before November 1, 1973. The Court expects the fees to be paid as soon as funds are lawfully available for that purpose regardless of their source. If all awards of this Court are not paid in full on or before November 23, 1973, plaintiffs may proceed to collect same as any other judgment and may apply thereafter to this Court for an award of an additional attorney's fee for their efforts in that regard.

The order entered today will place the case on an inactive and technically "closed" status, but as with other cases of continuing jurisdiction, the matter will remain pending and may be reactivated by appropriate motion or other pleading.

An order will be entered accordingly on this day.